**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-54412-bem |
| | : | |
| DENTCORP MANAGEMENT, LLC | : | CHAPTER 7 |
| | : | |
| DEBTOR. | : | JUDGE ELLIS – MONRO |
| | : | |

**MOTION TO DESIGNATE DR. FREDDIE WAKEFIELD JR. AS DEBTOR REPRESENTATIVEAND DIRECTING COMPLIANCE WITH DEBTOR'S OBLIGATIONS**

Christopher Tierney, the Court appointed Receiver (the "Receiver") over Dentcorp Management, LLC (the "Debtor") and certain of its affiliates, hereby moves this Court to enter an order pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure designating Dr. Freddie Wakefield Jr. to act on behalf of the debtor to comply with 11 U.S.C. §§ 341, 343, and 521, and Federal Rules of Bankruptcy Procedure Rules 1007, 2003, and 4002, in the above captioned Chapter 7 case. In support of this Motion the Receiver shows as follows:

1. This case was initiated by the filing of a voluntary Chapter 7 petition for relief on Jun 6, 2022 (the "Petition Date"). (Doc. No. 1.) On June 10, 2022, the Court entered an Order Setting Deadlines for Debtor to Correct Filing Deficiencies. (Doc. No. 3, the "Order").

2. The Order required the Debtor to comply with the Federal Rules of Bankruptcy Procedure by filing the Statement of Financial Affairs, the required Schedules, and associated documents (collectively, the "Required Documents").

3. Specifically, Fed. R. Bankr. P. Rule 1007(a)(1) requires that "[i]n a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms. If the debtor

1

is a corporation, other than a governmental unit, the debtor shall file with the petition a corporate ownership statement containing the information described in Rule 7007.1."

4. In addition, Fed. R. Bankr. P. Rule 1007(c) requires that in a voluntary case the debtor is required to file the schedules, statements, and other documents required by Fed. R. Bankr. P. Rule 1007(b)(1), (4), (5), and (6) with the petition or within fourteen (14) days after the petition is filed, which is confirmed by the Order.

5. Prior to the Petition Date, as is set forth in the Petition and accompanying papers, Receiver was appointed over Debtor's assets by the Superior Court of Fulton County, Georgia. As will become known to this Court, Receiver was frustrated in his efforts to discharge his duties, as information required to be provided to Receiver was either never provided, or was provided in part only and months after the Receiver was appointed. The missing information includes information that would be necessary to complete the Required Documents, as well as to provide relevant information at the Section 341 meeting of creditors.

6. Thus, as of the date hereof, Receiver is unable to file the Schedules and Statement of Financial Affairs required by the Bankruptcy Rules because of insufficient information. Indeed, Receiver does not have access to full and complete financial and operating information regarding the Debtor, nor does Receiver have access to the information concerning an accurate disclosure of the assets of Debtor. Receiver does not anticipate those circumstances changing, nor does Receiver have the information to meaningfully attend the Section 341 meeting of creditors.

7. Federal Rules of Bankruptcy Procedure Rule 9001(5) provides that when an act is required to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person, if the debtor is a corporation the Court may designate any or all of its officers, members of its board of directors or trustees or a similar

controlling body, a controlling stockholder or member, or any other person in control. "This rule permits this court to designate an individual as the person in control of a corporation." I*n re Continuum Care Servs.*, 375 B.R. 692, 694 (Bankr. S.D. Fla. 2007)

8.  Dr. Freddie Wakefield Jr. is the Chief Executive Officer of the Debtor. As such, Dr. Wakefield has substantial knowledge regarding the operations and financial condition of the Debtor and its affiliates, as well as the events leading to the filing of this Bankruptcy Case. Federal Rule of Bankruptcy Procedure 9001(5) expressly states that any of a bankrupt corporation's officers or board members may be designated a debtor. *In re Save More Foods, Inc.*, 96 B.R. 1 (D.C. 1989).

WHEREFORE the Receiver respectfully requests that this Court enter an Order:

(a) Granting this Motion;

(b) Designating Dr. Freddie Wakefield Jr. to perform Debtor's duties pursuant to Federal Rules of Bankruptcy Procedure Rule 9001(5).

(c) Requiring that Dr. Freddie Wakefield Jr. file complete and file the Schedules and Statement of Financial Affairs and to attend the Section 341 meeting of creditors, as required by Federal Rules of Bankruptcy Procedure; and

(d) Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 23rd day of June 2022.

PORTNOY, GARNER & NAIL, LLC
Counsel for the Receiver

*/s/ Garrett A. Nail*
Garrett A. Nail
Georgia Bar No. 997924
gnail@pgnlaw.com

3350 Riverwood Parkway, Suite 460
Atlanta, GA 30339
(404) 688-8800

## CERTIFICATE OF SERVICE

I, Garrett Nail, certify that I am over the age of 18 and that on June 23, 2022, I filed the foregoing with the Court's CM/ECF System, which provided notice to all parties of record, as follows:

> eanderson@phrd.com

> jgodwin@godwinlawgroup.com

I also certify that I placed a copy of the foregoing in the United States mail to the following, with postage prepaid:

Neil C. Gordon
Arnall, Golden & Gregory LLP
Suite 2100
171 17th Street NW
Atlanta, Georgia 30363

U.S. Trustee
75 Ted Turner Drive, Suite 362
Atlanta, Georgia 30303

Dated: June 23, 2022.

/s/ Garrett A. Nail
Garrett A. Nail