# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| **DENTCORP MANAGEMENT,** ) | |
| **LLC,** ) | **CASE NO.: 22-54412** |
| ) | **CHAPTER 7** |
| **Debtor.** ) | **JUDGE: BEM** |
| ) | |

## NOTICE OF HEARING AND FILING OF MOTION FOR RELIEF FROM STAY

**PLEASE TAKE NOTICE** that **LHT North Atlanta, LLC** has filed a motion for relief from stay and related papers with the Court and that the Court will hold a hearing on the motion **at 10:15AM** on **August 3, 2022,** at the **United States Bankruptcy Court and Richard Russell Federal Building, Courtroom 1402, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a

1

written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

DATED: July 13, 2022.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*
_____
William C. Buhay
Georgia Bar No.: 093940
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
wbuhay@wwhgd.com
ggreenjr@wwhgd.com

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DENTCORP MANAGEMENT, LLC, | ) ) ) | CASE NO.: 22-54412 |
| | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE: BEM |
| | ) ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND (e) AND WAIVER OF FED. R. BANK. P. 4001(a)(3) AND MOTION FOR ABANDONMENT PURSUANT TO 11 U.S.C. § 554

COMES NOW, LHT North Atlanta, LLC ("LHT"), by and through the undersigned counsel, and pursuant to FED. R. BANK. P. 4001 and 9014, and 11 U.S.C. § 362(d), and requests relief from the automatic stay provided by 11 U.S.C. § 362(a), and further requests that Lease that is the subject of this Motion and any property of Associated Oral Specialties, Inc. ("AOS") remaining in LHT's property be deemed abandoned following entry of an order by the Court pursuant to 11 U.S.C. § 554, and states as follows:

3

## **JURISDICTION**

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.

The relief requested herein may be granted in accordance with the provisions of Sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## **FACTS**

4.

On June 9, 2022, Dentcorp Management, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

5.

On information and belief, Debtor is the parent or controlling company of AOS.

6.

On March 21, 2016, LHT and AOS executed a lease for that certain piece of real property commonly known as Doctor's Center III at Emory Saint Joseph's Hospital, 5671 Peachtree Dunwoody Road, N.E., Atlanta, Georgia (the "Property"). A true and correct copy of the Lease is attached hereto as Exhibit A, thereby allowing LHT to pursue this action as the owner of the Property. The Debtor is operating in the Property, and lists its address in the bankruptcy documents as the Property address.

7.

On January 14, 2019, AOS filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the following case: *In re Associated Oral Specialties, Inc.,* N.D. Georgia Bankr. Case No. 19-50715-pwb. (the "Chapter 11 Case").

8.

As of the date of the filing of the Chapter 11 Case, and subsequently, AOS had defaulted in payment obligations under the Lease and personal guaranty.

9.

On July 28, 2019, LHT and AOS entered into a stipulation for AOS to assume the Lease and cure the default on the Lease, which as of July 23, 2019, amounted to $150,781.37 ("Stipulation").

10.

Pursuant to the terms of the Lease, rent continued to accrue and become payable on the first of each month. The payment due date was adjusted from time to time at the request of AOS.

11.

AOS's Lease is still in effect.

12.

AOS defaulted on the Stipulation and is behind in lease payments owed to LHT under the Lease.

13.

The total amount in default under the Stipulation and the Lease as of the time this bankruptcy was filed is $443,861.85, with additional amounts coming due each month thereafter.

## ARGUMENT & CITATION OF AUTHORITY

14.

LHT requests that the Court afford LHT complete relief from the automatic stay so that LHT may evict AOS from the Property. 11 U.S.C. § 362(d)(1) vests this Court with authority to grant stay relief "for cause, including the lack of adequate protection of an interest in property of such party in interest." Bankruptcy courts have found a lack of adequate protection, and thus, cause to grant stay relief under Section 362(d)(1), when it is clear that the debtor's income is insufficient to make loan payments. *See In re Yanks*, 37 B.R. 394, 399 (Bankr. S.D. Fla. 1984) (stay relief granted where cash flow indicated debtor could not pay interest on outstanding promissory notes); *In re F&M Enterp. of Manatee Cnty., Inc.*, 29 B.R. 115, 117 (Bankr. M.D. Fla. 1983) (stay relief granted where maximum monthly income of debtor could not service mortgage); *see also In re Polay*, 66 B.R. 543, 544 (Bankr. E.D. Pa. 1986) ("we have repeatedly held that the continued failure to tender periodic payments to a secured creditor under the terms of an underlying loan agreement may constitute 'cause' for relief under 11 U.S.C. 362 (d)(1)").

15.

A wide variety of other factors may independently serve as cause for relief from stay under Section 362(d)(1). *See, e.g.*, *In re Henderson,* 395 B.R. 893, 900

(Bankr. D.S.C. 2008) (lack of adequate protection in light of accrual of real estate taxes, insurance costs, indebtedness interest, and depreciation of the property); *In re Pine Trace Corp.*, 87 B.R. 695, 697 (Bankr. M.D. Fla. 1988) (the property's failure to produce sufficient income to maintain the property); *In re Rice,* 82 B.R. 623, 627 (Bankr. S.D. Ga. 1987) (debtor not making loan payments and failing to pay taxes).

16.

Additionally, Bankruptcy Code section 362(d)(2) provides this Court with authority to grant relief from the automatic stay where "the debtor does not have any equity in the property."

17.

LHT requests that the Court grant it relief from the automatic stay to exercise its rights under the Lease and state law including, without limitation, the right to evict AOS. In this case, LHT should be granted relief from the automatic stay because: (i) neither Debtor nor AOS has equity in the Property—AOS merely has a leasehold interest, and (ii) neither Debtor nor AOS can provide LHT with adequate protection of its interest in the Property. LHT further requests that the Lease and any property of AOS remaining in LHT's Property be deemed abandoned following entry of an order by the Court pursuant to 11 U.S.C. § 554.

18.

Under the foregoing described circumstances, LHT further requests that the Court waive the fourteen-day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure and that any order of the Court lifting the automatic stay become effective immediately.

WHEREFORE, LHT respectfully requests that the Court enter an Order:

a. Terminating the automatic stay to allow LHT to exercise its rights under the Lease and state law including, without limitation, the right to evict AOS;

b. Waiving the fourteen-day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

c. Deeming the Lease and any property of AOS remaining in LHT's Property abandoned following entry of an order by the Court pursuant to 11 U.S.C. § 554;

d. Granting such other relief as is appropriate.

DATED: July 13, 2022.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*
_____
William C. Buhay
Georgia Bar No.: 093940
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
wbuhay@wwhgd.com
ggreenjr@wwhgd.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing Motion for Relief from the Automatic Stay and Assignment of Hearing was served upon the following listed parties and/or counsel by either electronic transmission, or first-class United States mail, postage pre-paid on July 13, 2022:

>Dentcorp Management, LLC
>5671 Peachtree Dunwoody Road
>Atlanta, Georgia 30342
>
>Garrett A. Nail
>PORTNOY, GARNER & NAIL, LLC
>3350 Riverwood Parkway
>Suite 460
>Atlanta, Georgia 30339
>gnail@pgnlaw.com
>
>Neil C. Gordon
>CHAPTER 7 TRUSTEE
>Suite 2100
>171 17th Street, NW
>Atlanta, Georgia 30363

DATED: July 13, 2022.

        **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

        */s/ George B. Green, Jr.*
        _____
        William C. Buhay
        Georgia Bar No.: 093940
        George B. Green, Jr.
        Georgia Bar No.: 665716

        *Attorneys for Movant, LHT North Atlanta, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
wbuhay@wwhgd.com
ggreenjr@wwhgd.com